## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

DILLONGER J. MAJORS,                    )
                                        )
              Plaintiff,          )
                                        )
           v.                   )          No. 1:24-CV-00233 ACL
                                        )
JACOB REEVES, et al.,                   )
                                        )
              Defendants.         )

## <u>MEMORANDUM AND ORDER</u>

Self-represented plaintiff Dillonger Majors, an inmate currently incarcerated at Southeast Correctional Center (SECC) in Charleston, Missouri, filed this civil rights action on December 19, 2024; however, plaintiff neither paid the $405 Court filing fee nor filed a motion to proceed without prepayment of fees or costs. Plaintiff must do one or the other for this case to proceed. *See* E.D. Mo. L.R. 2.01(B)(1). If plaintiff files a motion seeking leave to commence this action without prepaying fees or costs, he must also file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Plaintiff's failure to timely pay the filing fee or file a motion seeking leave to commence this action without payment of fees or costs may result in the dismissal of this case, without prejudice and without further notice.

Although it is not entirely clear, it appears that some of plaintiff's allegations may concern claims relating to an ongoing lawsuit plaintiff has in this Court relative to his conditions of confinement and alleged excessive force at Potosi Correctional Center (PCC). *See Majors v. Boyer, et al.,* No. 4:22-CV-1182 SEP (E.D.Mo.). To the extent plaintiff's claims relate to his ongoing action, he should bring those allegations in that action. However, if plaintiff has new allegations

that relate to his current place of incarceration at SECC, he may bring them in the present action after filing a motion to proceed in forma pauperis and providing the Court with a copy of his prison account statement.

Plaintiff will also be required to amend his complaint on a Court-provided form. *See* E.D. Mo. Local Rule 2.06(A). As written, plaintiff's allegations are conclusory and fail to explain how any particular individual at SECC was personally responsible for violating his rights. Moreover, plaintiff may not attempt to join too many unrelated claims and defendants in his lawsuit.

Although plaintiff may join in one action as many claims as he has against a *single* defendant, *see* Fed. R. Civ. P. 18(a) (emphasis added), when multiple defendants are named, the Court must consider whether the defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.,* 696 F.2d 53, 57 (7th Cir. 1982).

Under Rule 20(a)(2), a plaintiff may join multiple defendants in one action only if his claims against them arise out of the same transaction or occurrence or if a series of transactions or occurrences present common questions of law or fact. Unrelated claims against different defendants must be brought in different suits. Plaintiff should therefore decide what claims to pursue in this lawsuit and what claims he wishes to pursue in any separate lawsuit(s) in the future. He may seek additional complaint forms from this Court by contacting the Court Clerk.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be

deemed abandoned and will not be considered. *Id*. The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff two copies of the Court's Prisoner Civil Rights Complaint forms and two copies of the Motion to Proceed in Forma Pauperis – Prisoner Cases forms.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court's Prisoner Civil Rights Complaint form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the $405 filing fee or submit a motion to proceed in forma pauperis on the Prisoner Cases Court-provided form. If plaintiff files a motion to proceed in forma pauperis, he shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

3

**Plaintiff's failure to timely comply with this Order may result in the dismissal of this action, without prejudice.**

Dated this 8th day of January, 2025.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE