UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DILLONGER J. MAJORS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:24-CV-00233 SNLJ |
| JACOB REEVES, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Dillonger Majors, an inmate at Southeastern Correctional Center (SECC), for leave to commence this action without payment of the required filing fee. [ECF No. 16]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.30. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the second amended complaint, the Court will partially dismiss the second amended complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the second amended complaint.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly balance of $20.66 and an average monthly deposit of $56.50. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.30, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating the court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background and the Second Amended Complaint**

Plaintiff Dillonger Majors, an inmate at SECC, brings this prisoner civil rights claim under 42 U.S.C. § 1983 against defendants Jacob Reeves (Lieutenant); Patrick Smith (Sergeant); Kyle Biler (Corrections Officer); Jesse May (Major); Gregory Hancock (Warden); Jason Lewis (Deputy Division Director); Trevor Foley (Director); and Richard Trout (Functional Unit Manager). Plaintiff sues defendants in their individual and official capacities.

Plaintiff's facts in his second amended complaint are somewhat difficult to discern. [ECF No. 15]. Although the Court required plaintiff to amend his pleading on two separate occasions, *see* ECF Nos. 2 and 8, plaintiff's second amended complaint lacks a solid factual statement of who, what, where and how he believes defendants violated his rights. *See* Federal Rules of Civil Procedure 8 and 10. Because the Court believes that having plaintiff submit a third amended

3

complaint would not solve his pleading deficiencies, it will allow plaintiff to supplement his second amended complaint, ECF No. 15, with the grievance documents attached to his amended complaint. [ECF No. 3, pp. 22-33].[1]

According to plaintiff's second amended complaint, as well as his Institutional Resolution Request (IRR) dated September 9, 2024, plaintiff alleges that on or about August 28, 2024, at approximately 6:09 a.m., he and Officer Kyle Biler got into an altercation. Plaintiff has not described the altercation except to say that he was written up by Officer Biler after the altercation, which purportedly occurred at 6.09 a.m. *See* ECF No. 15, p. 9; ECF No. 3, p. 25. He claims that Officer Biler gave him a conduct violation for a violation of a 2.1, which according to the Missouri Department of Corrections (MDOC) Offender Rulebook equates to an assault, or "causing serious physical injury to another." [ECF No. 3, p. 25].

Plaintiff claims that after this altercation with Officer Biler, he was "attacked" by defendants Reeves, Smith, and Biler in retaliation for the prior altercation. [ECF No. 15, p. 9; ECF No. 3, p. 25]. He asserts that the defendants "held him down," and although he was never given a directive to submit to wrist restraints, Biler kneeled over his spine and repeatedly punched him in the face while Smith repeatedly punched him in his mid-section. *See id*. Plaintiff states that despite MDOC policy, the officers attacking him failed to activate their body cameras during the attack; however, one Correctional Officer, who plaintiff identifies as Officer Unknown Reed, who is not a named defendant in this action, apparently watched the altercation and did not intervene, but he did activate his body camera. [ECF No. 15, p. 13].[2]

---

[1] Pursuant to Federal Rule of Civil Procedure 10(c), "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

[2] It appears plaintiff's second amended complaint was mistakenly scanned out of order. Although he identifies Officer Reed on page 13 of the second amended complaint according to the scanned document, the Court notes that plaintiff has written "page 3" at the bottom of his handwritten portion of his second amended complaint.

Plaintiff states that on or about November 25, 2024, "during showers," Officers Reeves and Smith came to Housing Unit 1 to "help" escort him to the shower. [ECF No. 15, p. 13]. Plaintiff alleges that while he was in the shower, Reeves "used the opportunity" to take several items of property from his cell, despite plaintiff having permission to have the property due to having a "qualified legal claim." *See id*. In the second amended complaint, plaintiff lists the property taken as: (1) 4 pens; (2) 1 expandable folder; and (3) 19 white envelopes.[3] *Id*. He asserts that Reeves also took all the toothpaste and deodorant he had purchased from the commissary and left him only with a "state issue" toothpaste. *Id*.

After taking plaintiff's property, Reeves apparently placed plaintiff on "slider status" for ten days, as another means of retaliation. *Id.* Plaintiff states that "slider status" is when a guard covers an inmate's cell window with a metal device to block their ability to see out. [ECF No. 15, p. 12]. Plaintiff complains that at the time Reeves did this to him, he had a suicide risk score of 3 out of 5, and he was suffering from anxiety, Post-Traumatic Stress Disorder and Anti-Social Personality Disorder. *Id.* Plaintiff claims that use of the "slider status" was against policy at MDOC, especially given his mental health conditions. *Id.*

Plaintiff states that he is seeking damages and injunctive relief for alleged violations of his rights.

## Discussion

Based on a careful review and liberal construction of the filings before the Court, the Court will issue process on plaintiff's claims for excessive force in violation of the Eighth Amendment

---

[3] Plaintiff attached a property list removal form dated November 26, 2024, filled out by Officer Reeves, to his amended complaint. *See* ECF No. 3, p. 27. At the top of the form, Officer Reeves has written, "Altered/Not authorized in AdSeg." At the bottom of the form is a list of materials taken from plaintiff's cell, including: (1) 4 "security" pens; (2) 3 tubes of toothpaste; (3) 2 deodorants; (4) 3 toothbrushes – security; (5) 4 white t-shirts; (6) a comb; (7) an expandable folder; (8) 19 white envelopes; (9) 4 books - altered; (10) 2 state gray pants – no name; (11) one pair of unauthorized state gray shorts; and (12) one pair altered state gray pants. *Id.*

against defendants Jacob Reeves, Kyle Biler and Patrick Smith, in their individual capacities. The Court will also issue process on plaintiff's failure to intervene claim in violation of the Eighth Amendment against defendant Unknown Correctional Officer Reed in his individual capacity. The Court additionally issues process as to plaintiff's claims for Eighth Amendment retaliatory discipline against defendants Reeves, Biler and Smith in their individual capacities. Last, the Court issues process on plaintiff's Missouri State law claims for assault and battery against defendants Reeves, Biler and Smith.

Plaintiff's claims against defendants Jesse May, Gregory Hancock, Jason Lewis, Trevor Foley and Richard Trout, however, are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), as are his claims against the remaining defendants (Jacob Reeves, Kyle Biler, Patrick Smith and Unknown Reed) in their official capacities. Also subject to dismissal are plaintiff's claims for unconstitutional deprivation of property by defendant Jacob Reeves.

### A. Lack of Personal Involvement

"Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal citations omitted). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Plaintiff has listed defendants Jesse May, Gregory Hancock, Jason Lewis, Trevor Foley and Richard Trout in the caption of the second amended complaint, but he has failed to make allegations that these defendants engaged in conduct that deprived him of a federally-protected right. Therefore, the second amended complaint fails to state a valid § 1983 claim against them.

6

*See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro se complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them). The Court therefore concludes that the complaint fails to state a claim upon which relief may be granted against defendants May, Hancock, Lewis, Foley and Trout.

### B. Official Capacity Claims

A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"); and *Kelly v. City of Omaha, Neb.,* 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official . . . capacities sues only the public employer"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71. *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). Moreover, in the absence of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.,* 147 F.3d 741, 744 (8th Cir. 1998).

Here, plaintiff alleges that defendants are employees at Southeast Correctional Center in Charleston, Missouri. The SECC is part of the Missouri Department of Corrections, which is a state agency of the State of Missouri. As noted above, plaintiff's official capacity claims against defendants are really claims against their employer. Accordingly, plaintiff's official capacity claims are against the State of Missouri. Such claims are barred because a state is not a "person" for purposes of § 1983, and because the Eleventh Amendment bars suits against state officials acting in their official capacity. They are therefore subject to dismissal.

## C. Individual Capacity Claims

### a. Excessive Force

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). One such federally protected right is the Eighth Amendment's prohibition on cruel and unusual punishment which limits the conditions in which a State may confine convicted criminals. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986).

"[Correctional] Officers may reasonably use force in a good-faith effort to maintain or restore discipline but may not apply force maliciously and sadistically to cause harm." *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)) (internal quotation marks omitted). "Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, *i.e.,* they are using it maliciously and sadistically." *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citing

8

*Hudson*, 503 U.S. at 9). The test for reasonableness or the good-faith application of force depends on the following:

> whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury.

*Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002) (citing *Hudson*, 503 U.S. at 7). *See also Hickey v. Reeder,* 12 F.3d 754, 759 (8th Cir. 1993) ("There is no question that prison officials may compel compliance with legitimate prison regulations.); *Stenzel v. Ellis,* 916 F.2d 423, 426 (8th Cir. 1990) (holding that inmate's refusal to comply with a legitimate jail security regulation constitutes a disturbance that poses a security risk to the safety of inmates and prison staff).

Plaintiff alleges that he was "attacked" by defendants Jacob Reeves, Patrick Smith, and Kyle Biler on August 28, 2024. He asserts that defendants held him down, but it was not in an attempt to subdue him for a security need. Rather, he claims it was because they wished to maliciously and sadistically cause him harm. He specifically alleges that while Reeves and Smith were holding him down, Biler was punching him in the face and Smith was punching him repeatedly in the mid-section. Taking plaintiff's allegations as true, as this Court is required to do, the Court finds that he has alleged enough to pass initial review as to an excessive force claim against defendants Reeves, Smith and Biler. The Court will issue process on this claim.

### b. Failure to Intervene

A prisoner may also assert an Eighth Amendment claim against a correctional officer who knew or had reason to know another officer was using excessive force, and who had the opportunity to intervene to prevent the excessive use of force by his fellow correctional officer but failed to do so. *Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. 2012); *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981). The question is whether the officer's inaction amounts to deliberate

9

indifference to the inmate's health and safety. *Buckner v. Hollins*, 983 F.2d 119, 122 (8th Cir. 1993).

The only officer named in this action who defendant indicates saw the alleged incident but failed to intervene was Officer Unknown Reed. Although he has not named Reed as a defendant in this action, the Court finds that plaintiff has alleged enough to indicate that Unknown Reed saw the purported excessive force, allegedly videotaped the unlawful behavior, and failed to step in. Thus, the Court will issue process as to this individual.

### c. Retaliation Claims Under the Eighth Amendment

Plaintiff alleges three separate claims for retaliation in this action. He first alleges that the purported beating he suffered from defendants Reeves, Smith and Biler was done in retaliation for the earlier altercation with Biler that morning. He next claims that Reeves removed property from his cell in retaliation for his altercation with Biler. Last, plaintiff states that Reeves placed him on "slider status" for ten days as retaliation for his altercation with Biler.

Under the Eighth Amendment, a "prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007). However, a prisoner cannot state a claim of retaliation if the discipline imposed on him or her was in fact imposed for an actual violation of prisoner rules or regulations. *See Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) ("While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform"). Moreover, simply alleging that an act was retaliatory insufficient. *Meuir*, 487 F.3d at 1119.

10

At this juncture of the case, the Court will issue process as to all three retaliation claims in this case against defendants as set forth above. Mindful that this stage of the litigation is merely initial review, the Court cannot determine whether the issues that plaintiff believes to be retaliatory were perhaps done for disciplinary reasons. Those matters are more appropriately decided at summary judgment.

### d. Property Claims

Next is plaintiff's allegations that Reeves unconstitutionally deprived him of his property during his shower time. To state a constitutional violation for a deprivation of property, a plaintiff must demonstrate that there is no meaningful post-deprivation remedy. *See Clark v. Kansas City Missouri Sch. Dist.,* 375 F.3d 698, 702 (8th Cir. 2004) ("When a state employee's unauthorized, random acts deprive a person of property, the state employee's acts do not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available").

Missouri provides an adequate post-deprivation remedy. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990). Specifically, an individual claiming the right to possession of personal property may bring an action in replevin. Mo. R. Civ. P. 99.01. *See also Allen v. City of Kinloch*, 763 F.2d 335, 337 (8th Cir. 1985) (stating that plaintiff seeking return of personal property under 42 U.S.C. § 1983 failed to establish any violation of his constitutional rights because he could obtain adequate relief by filing a replevin action under Missouri law). As such, plaintiff cannot make a constitutional claim for loss of property in this Court.

## D. State Law Assault and Battery Claims

Last, plaintiff asserts claims against defendants Reeves, Biler and Smith for assault and battery under Missouri state law.

11

Under Missouri law, "[a]n assault is an inchoate battery." *Hickey v. Welch*, 91 Mo. App. 4, 14 (Mo. Ct. App. 1901) (Goode, J., for the Court). And a battery is the "consummation of an assault." *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 335 (Mo. banc 2011); *Adler v. Ewing*, 347 S.W.2d 396, 402 (Mo. Ct. App. 1961). Specifically, to state a claim for assault under Missouri law, a plaintiff must show that (1) the defendant acted with the intent to cause bodily harm or offensive contact, or to create a reasonable apprehension of such harm or contact, (2) the defendant's conduct indicated such intent, and (3) the plaintiff experienced apprehension of imminent bodily harm or offensive contact because of the defendant's actions. *Phelps v. Bross*, 73 S.W.3d 651, 656 (Mo. Ct. App. 2002); *see also* Mo. Approved Jury Instr. (Civil) 23.01 (8th ed.). To state a claim under Missouri law for battery, a plaintiff must show the defendant intentionally made harmful or offensive bodily contact with plaintiff. *See Phelps*, 73 S.W.3d at 656.; *see also* Mo. Approved Jury Instr. (Civil) 23.02 (8th ed.).

Here, plaintiff makes sufficient plausible allegations to state a claim for assault, and by making plausible allegations of offensive bodily contact, he also states a claim for battery against defendants Reeves, Biler and Smith. Plaintiff alleges that he was forcibly restrained and subjected to offensive contact when he was held down by Reeves, Biler and Smith and punched and hit. As such, the Court will issue process on these claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.30 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall add defendant Unknown Reed, a Correctional Officer at SECC, as a defendant in this action.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the second amended complaint as to plaintiff's claims for excessive force in violation of the Eighth Amendment against defendants Jacob Reeves, Kyle Biler and Patrick Smith, in their individual capacities. Defendants, employees at SECC (MDOC) shall be served through the waiver agreement this Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the second amended complaint as to plaintiff's claims for Eighth Amendment retaliatory discipline against defendants Jacob Reeves, Kyle Biler and Patrick Smith, in their individual capacities. Defendants, employees at SECC (MDOC) shall be served through the waiver agreement this Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the second amended complaint as to plaintiff's failure to intervene claim in violation of the Eighth Amendment against defendant Unknown Correctional Officer Reed in his individual capacity. Defendant Reed, an employee at SECC (MDOC) shall be served through the waiver agreement this Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the second amended complaint as to plaintiff's claims Missouri State law claims for assault and battery against defendants Jacob Reeves, Kyle Biler and Patrick Smith. Defendants, employees at SECC (MDOC) shall be served through the waiver agreement this Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the second amended complaint as to defendants Jesse May, Gregory Hancock, Jason

Lewis, Trevor Foley and Richard Trout because the second amended complaint fails to state a claim upon which relief can be granted, or both, with respect to these defendants. Those claims are subject to **DISMISSAL**.

    **IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the second amended complaint as to plaintiff's claims against defendants in their official capacities. Those claims are subject to **DISMISSAL.**

    **IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the second amended complaint as to plaintiff's claims for unconstitutional deprivation of property by defendant Jacob Reeves. Those claims are subject to **DISMISSAL**.

    **IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

    An Order of Partial Dismissal will accompany this Memorandum and Order.

    Dated this 16th day of May, 2025.

                                                      STEPHEN N. LIMBAUGH, JR.
                                                      SENIOR UNITED STATES DISTRICT JUDGE