UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DILLONGER MAJORS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:24-cv-00233-SNLJ |
| JACOB REEVES, et al., | ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons explained below, the U.S. Marshals Service will be directed to seek additional service information for defendant Kyle Biler and re-attempt service at a location where he may be found.

On May 16, 2024, the Court issued process on four defendants in this matter: Jacob Reeves, Kyle Biler, Patrick Smith and Unknown Correctional Officer [John] Reed. Because plaintiff is proceeding in forma pauperis in this matter and defendants were all current or former corrections officers with the Missouri Department of Corrections (MDOC), service was attempted through the Court's waiver agreement with the MDOC. [ECF No. 19]. However, on June 9, 2025, the MDOC indicated that it would waive process only for current employees Reeves, Smith and Reed. [ECF No. 21]. Kyle Biler was identified as a former employee at the MDOC, and as such, the MDOC counsel refused to waive service for Biler. *See id.*

On June 9, 2025, counsel for the MDOC provided the last known address for defendant Biler, and the Court, on June 10, 2025, ordered that summons be issued on this defendant. [ECF No. 25]. Summons was returned on June 16, 2025, unexecuted, with the notation that Biler no longer resided at that address. [ECF No. 26].

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

According to the Eighth Circuit Court of Appeals, when the U.S. Marshals Service is appointed to serve a defendant where the plaintiff has been granted in forma pauperis status and is detained, and the plaintiff shows "good cause" for failure to serve an employee/defendant because he or she is no longer employed and the plaintiff's incarceration prevents him from investigating the defendant's current address, the Court should order the Marshals Service to obtain whatever information the Marshals Service might have in order to ascertain the defendant's current address. *Beyer v. Pulaski Cnty. Jail*, 589 F. App'x 798 (8th Cir. 2014) (per curiam); *see also Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010) (unreasonable to expect incarcerated pro se prisoner-litigants to provide current addresses of prison-guard defendants who no longer work at prison).

In the particular circumstances of this case, the Court will direct the U.S. Marshals Service to obtain whatever information might be found for defendant Kyle Biler in an attempt to serve process on defendant Biler after obtaining such information. If the

2

Marshals Service is unable to effectuate service in this matter, plaintiff shall then be responsible for providing the information necessary for service on defendant Biler or show good cause for failure to serve defendant Biler in this action. The Marshals Service should start with Kyle Biler's last known address provided in Docket Number 23 by counsel for the MDOC.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue an alias summons for defendant Kyle Biler, for issuance of summons on the second amended complaint, and service by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the Clerk shall include the following special instructions on the Process Receipt and Return form: "The U.S. Marshals Service shall obtain from all investigation as can be done, information concerning Kyle Biler's whereabouts, including his last known contact information, and any alternate contact information, and then shall *re-attempt service at that location or locations*. The Marshals Service should start with the last known address provided in Docket Number 23 by counsel for the MDOC when starting the investigation into Kyle Biler's whereabouts. Within the Proof of Service section, the U.S. Marshals Service must clearly state in writing where they solicited the last known information from."

**IT IS FURTHER ORDERED** that a copy of the summons and the return of summons shall be filed under seal and *ex parte*.

Dated this 17th day of June, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE