UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DILLONGER J. MAJORS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:24-cv-00233-SNLJ |
| | ) | |
| JACOB REEVES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to compel [Doc. 59], motion for sanctions [Doc. 60], and motions for appointment of counsel [Docs. 58, 65]. For the reasons stated below, the motion to compel is granted in part and denied in part, and the motion for sanctions [Doc. 60] and the motions for appointment of counsel [Docs. 58, 65] are denied.

**I. BACKGROUND**

Plaintiff Dillonger J. Majors, a prisoner incarcerated in the Missouri Department of Corrections, filed this lawsuit alleging violations of the Eighth Amendment pursuant to 42 U.S.C. § 1983, as well as state law claims. Plaintiff alleges that, on or about August 28, 2024, he was involved in an altercation with corrections officer Biler. Following the altercation, Biler issued plaintiff a conduct violation. Plaintiff further alleges that, in retaliation for the altercation, corrections officers Reeves, Smith, and Biler assaulted him. Specifically, he alleges that the defendants held him down, that Biler knelt on his spine and repeatedly punched him in the face, and that Smith repeatedly punched him in

the midsection. Corrections officer Reed allegedly witnessed the altercation but did not intervene. Plaintiff alleges that Reeves later retaliated by placing him on "slider status" for ten days. "Slider status" is when a guard covers an inmate's cell window with a metal device to prevent the inmate from seeing out.

Plaintiff is proceeding on claims under the Eighth Amendment for excessive force and retaliatory discipline against defendants Reeves, Biler, and Smith, and for failure to intervene against Reed. He is also proceeding on state law claims for assault and battery against Reeves, Biler, and Smith.

## II. MOTION TO COMPEL

Plaintiff argues that defendants' objections to his discovery requests should be overruled and that they should be compelled to produce the requested documents. Eight discovery requests are at issue. The motion to compel is granted in part and denied in part, as specified below.

### 1. Plaintiff's complete medical files and prison record.

Defendants object to the request for the complete medical file, stating it is overbroad and unduly burdensome because it is not limited in scope. Further, defendants state that "relevant" medical records were produced with their initial disclosures as documents 7-18. Based on this information, the Court cannot determine whether all relevant medical records have been produced. Defendants are ordered to produce plaintiff's medical records from September 1, 2023 to the present date. Defendants do not object to the production of the prison record and state that they produced plaintiff's classification file with their supplemental initial disclosures as documents 29-802.

Therefore, no further action is needed with regard to that part of the discovery request.

2. **The complete employee records of each named defendant including any and all complaints against them by other employees, any and all complaints against them by inmates, the outcome of all grievances made against them, any/all disciplinary actions taken against them during employment, etc.**

Defendants object to the request as overbroad and unduly burdensome in that it is not limited in scope and that it includes information directly related to the safety and security of the prison, which is considered protected information under § 217.075 and § 610.021 RSMo. Plaintiff argues that the information is relevant to show that the defendants have continuously been accused and even been found guilty of assaulting inmates and using excessive force against inmates. He states it lends credibility to plaintiff's claim and shows a tendency to cover up these behaviors by correctional staff. Defendants' objection is sustained and the request for an order compelling the production of the requested documents is denied.

3. **Any/all camera footage from housing unit #1 and defendants' body cameras.**

Defendants object to the request as overbroad and unduly burdensome because it is not limited in scope and includes information directly related to the safety and security of the prison, which is protected information under § 217.075 and § 610.021 RSMo. Subject to that objection, defendants state that they are in the process of scheduling an appointment with plaintiff's case manager to allow him to view the requested footage. Defendants are ordered to file a notice with the Court stating when plaintiff was permitted to view the requested footage and describing the recordings viewed by plaintiff. If plaintiff has not yet been permitted to view the requested footage, defendants shall

arrange for the viewing within ten days. If there are any recordings that fall within this request that are not produced for viewing, a copy of the recording(s) shall be submitted for *in camera* inspection by the Court within ten days.

**4. The policy and procedures of the body cameras and when they're required to be activated.**

Defendants object to the request as overbroad and unduly burdensome because it is not limited in scope and includes information directly related to the safety and security of the prison, which is protected under § 217.075 and § 610.021 RSMo. Plaintiff argues that the policies and procedures are relevant to show that the defendant violated them and to demonstrate the propensity of staff, specifically the defendants, to do so. It is well-established law in the Eighth Circuit that a violation of prison policies or regulations does not give rise to a constitutional violation. *Johnson v. Schurman*, 145 F.4th 897, 905 (8th Cir. 2025); *Jackson v. Gutzmer*, 866 F.3d 969, 977 (8th Cir. 2017); *Falls v. Nesbitt*, 966 F.2d 375, 379-380 (8th Cir. 1992). Defendants' objection is sustained, and the request for an order compelling the production of the requested documents is denied.

**5. The policy and procedure on the use of force and the steps custody staff are required to take before resorting to physical force.**

Defendants object to the request because it includes information directly related to the safety and security of the prison, which is protected under § 217.075 and § 610.021 RSMo. Plaintiff argues the information is relevant to show that the defendants acted outside of policy and procedure regarding how force is to be applied, the steps required before physical force is applied, and when force is excessive. Again, it is well-established law that a violation of prison policies, procedures, or regulations does not

give rise to a constitutional violation. *Johnson v. Schurman*, 145 F.4th 897, 905 (8th Cir. 2025); *Jackson v. Gutzmer*, 866 F.3d 969, 977 (8th Cir. 2017); *Falls v. Nesbitt*, 966 F.2d 375, 379-380 (8th Cir. 1992). Defendants' objection is sustained, and the request for an order compelling the production of the requested documents is denied.

6. **All documentation, whether written or typed, identifiable as reports about the incident on August 28, 2024, made by D.O.C. employees and/or witnesses, including but not limited to Use of Force Committee Reports, Incident Reports, etc.**

Defendants object to the request because it includes information directly related to the safety and security of the prison, which is protected under § 217.075 and § 610.021 RSMo. Subject to that objection, defendants state that they are in the process of scheduling an appointment with plaintiff's case manager to allow him to review the use of force records. Defendants are ordered to file a notice with the Court stating when plaintiff was permitted to view the use of force records and describing the records viewed by plaintiff. If plaintiff has not yet been permitted to view the records, defendants shall arrange for the viewing within ten days. If there are any documents that fall within this request that are not produced for viewing, a copy of the records shall be submitted for *in camera* inspection by the Court within ten days.

7. **Any/ all IRRs or grievances filed by staff using excessive force from January 2020 to February 2026, what was the finding, and any/all disciplinary action taken.**

Defendants object to the request as overbroad and unduly burdensome because it is not limited in scope and includes information directly related to the safety and security of the prison, which is protected under § 217.075 and § 610.021 RSMo. Plaintiff argues

that the information is relevant to show the propensity of staff at SECC to assault offenders. Defendants' objection is sustained, and the request for an order compelling the production of the requested documents is denied.

8. **Any and all investigations defendants have been under, what was the reasoning, what were the findings, and what was the disciplinary action taken.**

Defendants object to the request as overbroad and unduly burdensome because it is not limited in scope and includes information directly related to the safety and security of the prison, which is protected under § 217.075 and § 610.021 RSMo. Plaintiff argues it is relevant because it will "possibly" show that defendants have a propensity to deviate from policy and procedure. Defendants' objection is sustained, and the request for an order compelling the production of the requested documents is denied.

## III. MOTION FOR SANCTIONS

Plaintiff seeks an order sanctioning defendants for failing to comply with the Court's order to produce discovery of "any kind" to plaintiff. [Doc. 60]. Plaintiff's one-paragraph motion does not provide sufficient information for this Court to determine whether defendants have failed to comply with any Order of this Court. To the extent the plaintiff refers to the issues raised in the motion to compel, the Court does not find the defendants' objections sanctionable. The motion for sanctions is, therefore, denied.

## IV. MOTIONS FOR APPOINTMENT OF COUNSEL

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). "Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court *may* appoint

counsel." *Id.* (citing 28 U.S.C. § 1915(e)) (emphasis in original). The relevant criteria for determining whether counsel should be appointed include the factual and legal complexity of the issues, the *pro se* litigant's ability to investigate the facts and present his claims, and the existence of conflicting testimony. *Id.* The court "a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). Here, the Court finds that the facts and legal arguments are not complex, and plaintiff's filings demonstrate his ability to investigate and present his claims. The motions seeking appointment of counsel are denied.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to compel [Doc. 59] is **DENIED in part and GRANTED in part** as set forth in this Order.

**IT IS FURTHER ORDERED** that the motion for sanctions [Doc. 60] is **DENIED**.

**IT IS FURTHER ORDERED** that the motions for appointment of counsel [Docs. 58, 65] are **DENIED**.

**SO ORDERED** this 3rd day of November, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE